IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STERLING PETTWAY, III, | ) Case No. 1:19-cv-1044 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) MAGISTRATE JUDGE<br>) THOMAS M. PARKER |
| LAWRENCE SMITH, et al., | ) |
| Defendant. | ) **Report & Recommendation** |

**I.     Introduction**

Plaintiff Sterling Pettway, III, filed a *pro se* complaint on May 9, 2019. ECF Doc. 1. However, since filing the complaint, his prosecution of his claims has been sporadic and dilatory. On May 13, 2020, I issued a report and recommendation that the Court deny Pettway's motion for judgment on the pleadings and deny Defendant Ujla's motion to dismiss for failure to prosecute. ECF Doc. 24. I also scheduled a telephone conference for May 27, 2020 and warned Pettway that his failure to participate would result in my recommendation that the court dismiss his case. ECF Doc. 25. I also issued an order instructing Pettway on completing service on defendants, Robert Taylor and Janice Palechka. ECF Doc. 26. Despite these notices and warnings to Pettway, he has failed to prosecute the case. He did not participate in the May 27th telephone conference (ECF Doc. 27) and did not complete service on the individuals named as defendants in his case. (See ECF Docket). Following the May 27th telephone conference, the court granted leave to Defendants Rekha Ujla and Lawrence Smith to file motions to dismiss for

lack of prosecution. ECF Doc. 27. Because Pettway has failed to prosecute this case, I now recommend that the court GRANT Defendants Rekha Ujla's and Lawrence Smith's motions to dismiss (ECF Doc. 28 and ECF Doc. 29), and that the Court DISMISS the case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

**II.     Law & Analysis**

Fed. R. Civ. P. 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19- operates as an adjudication on the merits.

*See also, Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Here, the defendants have moved to dismiss the case for lack of prosecution because, after serving them, Pettway has done little to advance his case. In fact, this is Defendant Ujla's second motion to dismiss for lack of prosecution (See ECF Doc. 23), the undersigned having recommended that Pettway, a *pro se* litigant, be given another chance to prosecute his case. ECF Doc. 24.

Since then, Pettway has failed to object to my report and recommendation; failed to participate in the court scheduled telephone conference; failed to file any explanation for missing the telephone conference; and failed to file any response to the pending motions to dismiss. In the same way, Pettway has failed to complete service of process upon other named defendants. And, Pettway has been duly notified that his failure to prosecute this case would likely result in a dismissal of the action. ECF Doc. 25.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from

court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As [the Sixth Circuit] has noted, the lenient treatment generally accorded to *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe,* 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

In *Schafer v. City of Defiance Police Dept.,* 529 F.3d 731, 737 (6th Cir. 2008), the Sixth Circuit listed four factors for deciding whether a case has been properly dismissed pursuant to Fed. R. Civ. P. 41(b):

1) whether the party's failure is due to willfulness, bad faith, or fault;

2) whether the adversary was prejudiced by the dismissed party's conduct;

3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Citing *Knoll v. AT&T,* 176 F.3d 359, 363 (6th Cir. 1999). These factors weigh in favor of dismissing Pettway's case. As already stated, the court has given Pettway several opportunities to continue prosecuting his case. He has been sufficiently warned and the court has attempted less drastic measures to turn his attention toward his own case. Despite the leniency shown to him, Pettway has failed to respond to defendants' dispositive motions; to complete service on

3

named individuals; and to participate in a court scheduled telephone conference. Because Pettway has failed to prosecute his case, I recommend that the Court dismiss it for lack of prosecution.

### III. Recommendation

Because Pettway has failed to prosecute his case, I recommend that the Court GRANT Defendants Ujla's and Smith's motion to dismiss and DISMISS Pettway's case pursuant to Fed. R. Civ. P. 41(b).

Dated: August 4, 2020

Thomas M. Parker
United States Magistrate Judge

_____

### OBJECTIONS

Any objections to this Report and Recommendation Order must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).